# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

* * *

U.S. EMPLOYMENT OPPORTUNITY COMMISSION,

      Plaintiff,

v.

CONSOLIDATED REALTY, INC.,

      Defendant.

2:06-cv-00681-JCM-LRL

**ORDER**

      This matter is before the court on defendants's Emergency Motion to Compel Responses to Discovery (#26). Also filed in this matter are plaintiff's Opposition (#29) and defendant's Reply (#31). Defendant requests the court to compel the EEOC to respond to certain interrogatories and requests for production. Defendant filed its Motion on an emergency basis because it maintains that it is necessary to receive the requested discovery prior to the deposition of Tasha Finley.[1]

      The court has broad discretion in controlling discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Relevance within the meaning of Federal Rules of Civil Procedure 26(b)(1) is considerably broader than relevance for trial purposes. For discovery purposes, relevance means only that the materials sought are reasonably calculated to lead to the discovery of admissible evidence. *See Oppenhemier Fund v. Sanders*, 437 U.S. 340, 351 (1978) (citation omitted); Fed. R. Civ. P. 26(b)(1). However, a court may limit discovery if it determines, among other things, that the discovery is unreasonably cumulative or duplicative, obtainable from another source that is more convenient, less

---

[1] Tasha Finley's deposition was scheduled to take place on April 19, 2007. The court did not stay the deposition and is unaware of whether it went forward. If the deposition did go forward, defendant is authorized to reconvene the deposition for the limited purpose of questioning Ms. Finley regarding the discovery compelled by this Order.

burdensome, or less expensive, or the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2).

**I. Tasha Finley's Medical Information: Interrogatory No. 23 and Request for Production No. 7**.

Defendant argues that given the broad scope of discovery allowed under the Fed. R. Civ. P., Ms. Finley's medical records are relevant and discoverable. It maintains that even though the EEOC has not maintained a separate cause of action for negligent or intentional infliction of emotional distress, defendant is entitled to show that other factors contributed to Ms. Finley's alleged condition. Thus, it argues, the identity of the health care providers by whom Ms. Finley was seen prior to her separation of employment with defendant, and her medical records from those providers, are relevant.

The EEOC maintains that because Ms. Finley is claiming only "garden variety" emotional distress her medical information is irrelevant and privileged. Further, the EEOC argues, defendant has a heightened burden to show that Ms. Finley's medical condition is at the core of this lawsuit before her medical records are discoverable. (Pl.'s Opp'n (#29) 4 (citing *Burrell v. Crown Petroleum, Inc.*, 177 F.R.D. 376, 384 (E.D. Tex. 1997)).) The EEOC states that it will not present any medical records or medical testimony at trial, therefore defendant has not met its burden of showing that Ms. Finley's medical information is the basis of the case. Finally, the EEOC contends that Ms. Finley's medical records implicate privacy considerations.

The Complaint alleges that Ms. Finley suffered emotional distress as a result of defendant's wrongful acts and seeks compensatory damages for her emotional distress. (Complaint (#1 ) ¶¶ 11, E.) The Complaint does not allege any independent claims for emotional distress. Because the EEOC has put Ms. Finley's mental health at issue, however, her health providers, dates of treatment, and the nature of the treatment are relevant to claims for emotion distress damages. *See Merrill v. Waffle House, Inc.*, 277 F.R.D. 467, 471 (N.D. Tex. 2005) ("Courts considering the issue have generally found that the identities of health providers, the dates of treatment and the nature of the treatment are relevant to claims for emotional distress damages." (citing *Owens v. Sprint/United Management Co.*, 221 F.R.D. 657, 659–660 (D. Kan. 2004); *Jackson v. Chubb Corp.*, 193 F.R.D. 216, 219 (D.N.J. 2000); *Vinson v.*

*Humana, Inc.*, 190 F.R.D. 624, 627 (M.D. Fla. 1999); *Santelli v. Electro-Motive*, 188 F.R.D. 306, 310 (N.D. Ill. 1999); *Fox v. The Gates Corp.*, 179 F.R.D. 303, 305 (D. Colo. 1998); *LeFave v. Symbios, Inc.*, 2000 U.S. Dist. LEXIS 22278, 2000 WL 1644154, at *2 (D. Colo. Apr. 14, 2000))).

  This doesn't mean, however, that defendant is entitled to information regarding every medical treatment Ms. Finley ever received. Rather, discovery may be had of only those treatments that relate to Ms. Finley's emotional or mental condition and that may reveal other conditions or stressors that caused the mental or emotional distress or illness allegedly resulting from defendant's wrongful conduct. The court declines to compel Ms. Finley to sign a release of the medical records in her custody and control until further discovery shows whether they are relevant. *See* Fed. R. Civ. P. 34; *see also Clark V. Vega Wholesale*, 181 F.R.D. 470, 472 (D. Nev. 1998) ("Rule 34 requires that the party upon whom the request is served must be in possession, custody, or control of the requested item.").

  The parties shall confer regarding a confidentiality stipulation, and the EEOC will provide the identities of Ms. Finley's healthcare providers, dates of treatment, and the nature of the treatment with enough specificity to determine whether further discovery is warranted. Defendant has not shown good cause as to why the production of such information should encompass the ten-year period preceding Ms. Finley's lay off. The ten year time period is too broad temporally. Hence, the court will shorten the relevant time period to five years prior to May 2003, through the present.

  The EEOC's objections on the basis of undue burden and expense, attorney-client privilege, attorney-work product, and deliberative process privilege are not well taken, and the EEOC appears to have abandoned them.

**II. Tasha Finley's Financial Information: Interrogatory No. 18 and Request for Production No. 17.**

  The EEOC has abandoned its objections and states only that Ms. Finley is in the process of obtaining her W-2 forms for the relevant years. The court will compel the production of all W-2 forms for the years 2001 through 2006, to the extent they have not already been produced.

. . .

**III. Conciliation Efforts: Interrogatory No. 5 and Request for Production No. 4**.

Defendant argues that the court should apply the Fifth and Eleventh Circuit's legal standard to determine whether the adequacy of the EEOC's conciliation process is subject to review, and thus relevant for discovery purposes. (Def's Mot. (#26) 14 (citing *EEOC v. Asplundh Tree Expert Co.*, 340 F.3d 1256, 1259 (11th Cir. 2003) (adopting the Fifth Circuit's standard for satisfying the statutory requirement of conciliation)).) Such an approach requires the EEOC to "(1) outline to the employer the reasonable cause for its belief that Title VII has been violated; (2) offer an opportunity for voluntary compliance; and (3) respond in a reasonable and flexible manner to the reasonable attitudes of the employer." *Asplundh Tree Expert Co.*, 340 F.3d at 1259 (citing *EEOC v. Klingler Elec. Corp.*, 636 F.2d 104, 107 (5th Cir. 1981)). Defendants have asserted, as an affirmative defense, that the EEOC failed to adequately conciliate. Thus, it requests the court to compel discovery to determine whether the EEOC deviated from its established policies in prosecuting this matter.

Plaintiff argues that the "good faith conciliation requirement is properly limited to a good faith effort to allow an out of court settlement, rather than a good faith effort to meet the defendant on its own terms." (Mot. (#29) 9 (citing *United States v. California Dept. of Corr.*, 1990 WL 145599, at *7 (E.D. Cal. 1990); *EEOC v. KECO Indus., Inc.*, 748 F.2d 1097, 1102 (6th Cir. 1984)).) This view, expressed by the Sixth, Seventh, Eighth, and Tenth Circuits, instructs that the court should not consider the details of the parties' negotiations, but, rather, should focus on whether the EEOC provided the employer an opportunity to confront all of the issues. *See EEOC v. Zia Company*, 582 F.2d 527, 533 (10th Cir. 1978); *see also KECO Indus., Inc.*, 748 F.2d at 1102 ("The district court should only determine whether the EEOC made an attempt at conciliation. The form and substance of those conciliations is within the discretion of the EEOC as the agency created to administer and enforce our employment discrimination laws and is beyond judicial review.").

There is no binding Ninth Circuit authority on this issue, but this court has previously held that the adequacy of the EEOC's conciliation efforts should be held to a deferential standard of review. *See EEOC v. Gold River Operating Corp.*, 2007 U.S. Dist. LEXIS 24594, 2007 WL 983853, at *5 (D. Nev. Mar. 30, 2007). Under this standard the court should not examine the substance of the parties'

negotiations. *Cf. EEOC v. Canadian Indemnity Co.*, 407 F. Supp. 1366, 1367 (C.D. Cal. 1976) (finding that acceptance or rejection of the defendant's counteroffer was within the Commission's discretion). Consequently, defendants are not entitled to any further discovery regarding conciliation because it is not relevant. In any event, defendant should already have all documents regarding its part in the conciliation process.

Accordingly, and for good cause shown,

IT IS ORDERED that Defendant's Emergency Motion to Compel Responses to Discovery (#26) is GRANTED in part as follows:

1. The EEOC shall answer Interrogatory No. 23 and shall provide the identities of Tasha Finley's healthcare providers, and dates and nature of treatment for the period May 1, 1998 to the present.

2. The EEOC shall produce Tasha Finley's W-2 forms for the years 2001 through 2006, to the extent it has not already done so.

3. The EEOC shall answer Interrogatory No. 18 to the extent Tasha Finley's W-2 forms do not provide the requested information.

4. The deposition of Tasha Finley may be reconvened for the limited purpose of questioning Tasha Finley regarding the discovery compelled by this Order.

IT IS FURTHER ORDERED that in all other respects the motion (#26) is denied.

DATED this 16th day of May, 2007.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**